John R. Lane
Michael Steinmetz
Garson, Segal, Steinmetz, Fladgate LLP
164 West 25th St.
New York, NY 10001
(P) 212-380-3623
(F) 347-537-4540
jrl@gs2law.com

**_Attorneys for Plaintiff_**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| XCHANGE TELECOM LLC <br><br>                        Plaintiff, <br><br> v. <br><br> SKYWIRE HOLDINGS LLC, SKYWIRE LLC <br> and RAINBOW BROADBAND, INC. <br><br><br><br>                      Defendants. | CIVIL ACTION NO.: 19-cv-87 <br><br><br><br><br> **COMPLAINT AND** <br> **JURY TRIAL DEMAND** |

Plaintiff, Xchange Telecom LLC ("Xchange" or "Plaintiff"), by and through its attorneys Garson,

Segal, Steinmetz, Fladgate LLP, as and for its complaint for, _inter alia,_ trademark infringement

and unfair competition states as follows:

### THE PARTIES

1.     Plaintiff, Xchange Telecom LLC is a Delaware Limited Liability Company with a

      principal place of business at 3611 14th Avenue, Brooklyn, New York 11218.

2.     Plaintiff, has and is currently registered to do business in New York State and has

continuously used the trademark and trade name "SKYWIRE" in commerce in connection with, *inter alia*, fixed and wireless telephone and telecommunication services, including the provision of wireless internet access services, in the United States since August 2012, and has been granted and maintains a federal trademark registration for "SKYWIRE" (Reg. No. 4,302,833) in International Class 38, a true copy of which is attached as **Exhibit A (**"Skywire Registration").

3.  Upon information and belief, Defendant Rainbow Broadband is a Delaware Corporation, which was incorporated in March 2004, is currently registered to do business in New York with its principal place of business in this District at offices located at 14 Penn Plaza, Suite 2100, New York, New York 10122 and/or 225 West 34th Street, Suite 1317, New York, New York 10122 and regularly conducts business in and/or directed to this District, including the acts of trademark infringement and unfair competition alleged herein.

4.  Upon information and belief, Defendant Skywire Holdings LLC is a Delaware corporation, which was incorporated in November 2017 with its principal place of business at 1775 Tyson's Blvd., Tysons, Virginia 22102, is registered to do business in New York and regularly conducts business in and/or directed to this District either directly or through its affiliate Rainbow Broadband.

5.  Upon information and belief, Defendant Skywire LLC is a Delaware corporation, which was incorporated in June, 2016 and has a principal place of business at 1775 Tyson's Blvd., Tysons, Virginia 22102, is registered to do business in New York and regularly conducts business in and/or directed to this District either directly or through its affiliate Rainbow Broadband.

## NATURE OF ACTION AND FACTUAL BACKGROUND

6.    This is an action for injunctive relief, damages and other appropriate relief against all Defendants for trademark infringement, unfair competition, false designation of origin and trademark dilution arising under the Trademark Act of 1946, (15 U.S.C. §§ 1051, *et seq.*) as amended by the Trademark Dilution Revision Act, Pub. L. No. 109-312 (Oct. 6, 2006) and the Prioritizing Resources and Organization for Intellectual Property Act of 2008, Pub. L. No. 110-403 (Oct. 13, 2008) (collectively "the Lanham Act"), and for trademark infringement, trademark dilution, unfair competition and deceptive acts and practices under the laws of the State of New York and common law.

7.    The specific facts and causes of action set forth herein, arise principally from the Defendants' willful infringement of Plaintiff's SKYWIRE Registration, which was registered on March 12, 2013 in International Class 38 and which claims the benefit of first use in commerce of August 1, 2012.  A copy of Plaintiff's SKYWIRE Registration is attached as **Exhibit A**.

8.    Since August 2012, Plaintiff has continuously used its SKYWIRE trademark in interstate commerce, in particular within the New York City metro area, in connection with, *inter alia*, fixed and wireless telephone and telecommunication services, including the provision of wireless internet access services.

9.    For several years Plaintiff has expended substantial financial and business resources to develop the SKYWIRE trademark as its premier business brand in connection with all aspects of its commercial operations.   Examples of Plaintiff's use of the registered SKYWIRE trademark in interstate commerce can be viewed on its website: www.skywirenetworks.com.

10.   **In particular,** Plaintiff delivers business-class broadband ranging from 10 Mbps to 10 Gbps as well as advanced voice systems to businesses in Manhattan, Brooklyn, and Queens. Plaintiff's internet access services, called , SKYWIRE  HQ, gives small- to mid-sized businesses a complete, robust and affordable business connectivity platform with enterprise-class internet, adaptive voice, and personalized service and in essence fulfills the role  of a much-needed telecom department that most small to medium businesses ("SMB's") cannot afford, enabling them to leverage an enterprise-class communications infrastructure without having to manage it themselves.

11.   Defendants Skywire Holdings LLC and Skywire LLC have since about 2016 also operated as internet service providers, but until very recently have focused their commercial activities outside of the New York metro area, in Virginia, Maryland, Washington, D.C., and Florida doing business primarily under the name and trademark "GiGstreem".  See screenshot of www.gigstreem.com webpage attached as **Exhibit B**.

12.   However, recently in or about April 2018, Skywire Holdings acquired Defendant Rainbow Broadband, Inc. ("Rainbow Broadband"), a New York City based internet service provider, which for several years has competed directly with Plaintiff in the New York City market.

13.   As of the time of the Rainbow Broadband acquisition earlier this year, Rainbow Broadband has continued to compete with Plaintiff primarily under the GiGstreem name and mark.  However, Defendants also have and continue to commercially operate and advertise by unlawfully using Plaintiff's SKYWIRE registered trademark through, *inter alia*, its website www.theskywire.com, which prominently displays Plaintiff's SKYWIRE trademark and which directly associates Plaintiff's SKYWIRE trademark with

Defendants' GiGstreem name and business.  See copies of webpages from www.theskywire.com attached as **Exhibits C-E**.

14.   In addition, Defendants are using Plaintiff's SKYWIRE trademark prominently on social media in association with its other brands and companies, Gigstreem and Rainbow Broadband.  See for example Defendant Skywire LLC's Linked In page, a copy of which is attached as **Exhibit F**.

15.   Defendants' blatant and prominent uses of Plaintiff's SKYWIRE trademark, particularly such commercial uses within the context of its recently acquired business operations in New York, constitute willful trademark infringement and unfair competition and as a result of which are likely to cause confusion among consumers, Plaintiff's strategic partners and prospective investors and will eventually result in several instances of actual consumer confusion.

## JURISDICTION AND VENUE

16.    The Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, and 1338 (a)-(b) and 15 U.S.C. §§ 1116 and 1121.  This Court also has jurisdiction under the principles of supplemental jurisdiction and pursuant to 28 U.S.C. § 1367 over Plaintiff's claims for trademark infringement, trademark dilution, unfair competition and deceptive acts and practices under the laws of the State of New York and common law.

17.   The Court has personal jurisdiction over all Defendants, because they each conduct business as, *inter alia*, internet service providers, and promote and/or sell related goods and services to customers located within this District and via one or more interactive websites that are accessible and sell directly to consumers within this

District.

18.     The Court has personal jurisdiction over Defendant Rainbow Broadband because upon information and belief it has a principal place of business in New York and regularly conducts business in this District, including the acts of trademark infringement and unfair competition alleged herein.

19.     The Court has personal jurisdiction over Defendants, Skywire Holdings LLC and Skywire LLC because upon information and belief they are Delaware corporations, which are registered to do business in New York and regularly conduct business in this District either directly or through Rainbow Broadband, including the acts of trademark infringement and unfair competition alleged herein.

20.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 because Defendant, Rainbow Broadband has a principal place of business in this District, each Defendant is subject to personal jurisdiction in this District, and as the events, acts and/or omissions of Defendants occurred and continue to occur in this District, including the acts of trademark infringement and unfair competition alleged herein.

**COUNT I**
**FEDERAL TRADEMARK INFRINGMENT**

21.     Plaintiff repeats and realleges the allegations of each of the foregoing paragraphs of this Complaint as if fully set forth herein.

22.     Defendants' unlawful actions, as set forth above, are likely to cause confusion, mistake, or deception as to the source, origin, affiliation, association or sponsorship of Defendants' services and falsely mislead consumers into believing that Defendants and/or its services originate from, are affiliated or connected with, or are approved by

Plaintiff.

23.   Defendants' unlawful and illegal actions, as set forth above, constitute infringement of Plaintiff's registered trademark for SKYWIRE in violation of the Lanham Act, 15 U.S.C. § 1125.

24.   Defendants' use of SKYWIRE is likely to cause initial interest confusion among users and potential users of Plaintiff's services.

25.   Defendants' acts of infringement have caused Plaintiff to sustain monetary damage, loss and injury, in an amount to be determined by the Court.

26.   Defendants have engaged in these activities willfully and deliberately, so as to justify the assessment of treble damages and attorney's fees under 15 U.S.C. § 1117.

27.   Defendants' acts of infringement, unless permanently enjoined by this Court, will continue to cause Plaintiff to sustain irreparable damage, loss and injury, for which it has no adequate remedy at law.

## COUNT II
## FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION
## (15 U.S.C. § 1125(a))

28.   Plaintiff repeats and realleges the allegations of each of the foregoing paragraphs of this Complaint as if fully set forth herein.

29.   Defendant's use in commerce of SKYWIRE and similar marks is likely to cause confusion, or to cause mistake, or to deceive the relevant public into believing that the source and/or origin of the goods and services offered by Defendants is sponsored or approved by Plaintiff in violation of *15 U.S.C. § 1125(a)*.

30.   Defendants' unlawful and unauthorized promotion, offer for sale, sale and provision of

internet services under the SKYWIRE name and mark creates express and implied misrepresentations that the services were authorized, approved of and/or sponsored by Plaintiff, all to Defendants' profit and Plaintiff's damage and injury.

31. By engaging in the aforesaid acts, Defendants are unfairly competing with Plaintiff.

32. Plaintiff has no adequate remedy at law.  Unless Defendants' activities are enjoined, Plaintiff will suffer immediate and continuing irreparable harm to its business and reputation, and to the goodwill associated with the SKYWIRE mark.

**COUNT III**
**TRADEMARK DILUTION UNDER 15 U.S.C. § 1125(c)**

33. Plaintiff repeats and realleges the allegations of each of the foregoing paragraphs of this Complaint as if fully set forth herein.

34. Plaintiff's SKYWIRE mark is distinctive and is famous within the meaning of 15 U.S.C. §1125(c), as a result of many years of use and promotion by Plaintiff.  The SKYWIRE mark was a famous mark prior to the date of Defendants' conduct as alleged herein.

35. Defendants unlawful use of SKYWIRE in commerce dilutes the distinctiveness and renown of the SKYWIRE mark.

36. Further and alternatively, due to Defendants' extensive promotion and recent launch of internet access services in the New York City market, Plaintiff stands to incur further serious irreparable harm because consumers will mistakenly believe that Plaintiff's services are associated with the Defendants', resulting in reverse dilution and confusion by the saturation of the market by Defendants through its unlawful use of SKYWIRE and thereby overwhelming Plaintiff's business and longstanding use of its SKYWIRE name and mark.

37.    On information and belief, Defendants' conduct is being performed with the knowing and willful intent to trade on Plaintiff's reputation and goodwill in the SKYWIRE mark and to dilute and blur the distinctiveness and quality of its famous mark.

38.    Defendants' violations of 15 U.S.C. § 1125(c) entitle Plaintiff to recover damages, including, without limitation, Defendants' profits from the sale of all infringing services, actual damages, treble damages, and attorney's fees.

39.    Plaintiff has no adequate remedy at law.  Unless Defendants' activities are enjoined, Plaintiff will suffer immediate and continuing irreparable harm to its business and reputation, and to the goodwill associated with the SKYWIRE mark.

**COUNT IV**
**TRADEMARK INFRINGEMENT UNDER NEW YORK COMMON LAW**

40.     Plaintiff repeats and realleges the allegations of each of the foregoing paragraphs of this Complaint as if fully set forth herein.

41.    Defendants' unlawful actions, as set forth above, are likely to cause confusion, mistake, or deception as to the source, origin, affiliation, association or sponsorship of Defendants' goods and services and falsely mislead consumers into believing that Defendants and/or its goods and services originate from, are affiliated or connected with, or are approved by Plaintiff.

42.    Defendants' unlawful and illegal actions, as set forth above, constitute infringement of Plaintiff's SKYWIRE Registration, in violation of New York common law, causing damage to Plaintiff and unjustly enriching Defendants.

43.    Defendants' use of SKYWIRE is intentional and willful with the intention of causing confusion, mistake and/or to deceive consumers.

44.     Defendants' acts of infringement have caused Plaintiff to sustain monetary damage, loss and injury, in an amount to be determined by the Court.

45.     Defendants' acts of infringement, unless preliminarily and then permanently enjoined by this Court, will continue to cause Plaintiff to sustain irreparable damage, loss and injury, for which it has no adequate remedy at law.

**COUNT V**
**TRADEMARK DILUTION UNDER NEW YORK LAW**
**(New York General Business Law § 360(1))**

46.     Plaintiff repeats and realleges the allegations of each of the foregoing paragraphs of this Complaint as if fully set forth herein.

47.     Plaintiff's SKYWIRE mark is distinctive and is widely recognized by the general consuming public in the State of New York as a designation of source of the Plaintiff's services.

48.     Defendants unlawful use of the SKYWIRE mark without Plaintiff's authorization or consent are likely to dilute and blur the distinctive quality and renown of Plaintiff's SKYWIRE mark.

49.     On information and belief, Defendants' conduct is being performed with the knowing and willful intent to injure Plaintiff's reputation and goodwill and to dilute and blur the distinctiveness and quality of its famous SKYWIRE mark.

50.     Further and alternatively, due to Defendants' extensive promotion and recent launch of SKYWIRE, specifically within the New York City market, Plaintiff stands to incur further serious irreparable harm because consumers will mistakenly believe that Plaintiff's services are associated with the Defendants', resulting in reverse dilution

and confusion by the saturation of the market by Defendants through its unlawful use of SKYWIRE and by overwhelming Plaintiff's business and longstanding use of its SKYWIRE name and mark.

51.    Plaintiff has no adequate remedy at law.  Unless Defendants' activities are enjoined, Plaintiff will suffer immediate and continuing irreparable harm to its business and reputation, and to the goodwill associated with the SKYWIRE mark.

**COUNT VI**
**UNFAIR COMPETITION UNDER NEW YORK COMMON LAW**

52.    Plaintiff repeats and realleges the allegations of each of the foregoing paragraphs of this Complaint as if fully set forth herein.

53.    Defendant's use in commerce of SKYWIRE and similar marks is likely to cause confusion, or to cause mistake, or to deceive the relevant public into believing that the source and/or origin of the services offered by Defendants is sponsored or approved by Plaintiff and by engaging in the aforesaid acts, Defendants are unfairly competing with Plaintiff.

54.    Plaintiff has no adequate remedy at law.  Unless Defendants' activities are enjoined, Plaintiff will suffer immediate and continuing irreparable harm to its business and reputation, and to the goodwill associated with the SKYWIRE mark.

**COUNT VII**
**UNLAWFUL DECEPTIVE ACTS AND PRACTICES**
**(New York General Business Law § 349)**

55.    Plaintiff repeats and realleges the allegations of each of the foregoing paragraphs of this Complaint as if fully set forth herein.

56.    Defendants' aforesaid activities and use of the SKYWIRE designation, are likely to

materially mislead reasonable consumers into believing that its goods and services are associated with, authorized by or sponsored by Plaintiff and constitute deceptive acts and practices under New York General Business Law Sections 349 and 350, *et seq.*

57.    Defendants' willful and deliberate acts described above have caused irreparable injury to Plaintiff, and, unless enjoined will cause further irreparable injury, whereby it has no adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief and that the Court enter judgment against Defendants as follows:

1.    That Defendants their parents, subsidiaries, officers, agents, employees, and all persons acting for, with, through or in concert with them be enjoined and restrained, preliminarily during the pendency of this action and thereafter permanently:

    a)  from using the SKYWIRE trade name and mark in connection with its promotion, advertising, offer for sale, sale and distribution of internet access services in the U.S.;

    b)  from using the SKYWIRE trade name and mark in any manner, which would likely cause confusion, deception or mistake on or in connection with the promotion, advertising, offer for sale, sale and distribution of internet access services in the U.S.;

    c)  from committing any acts calculated to cause consumers to believe that Defendants' services are sold under the control or supervision of the Plaintiff, or sponsored or approved by, connected with, guaranteed by, or

produced under the control and supervision of Plaintiff;

d) from further diluting and infringing Plaintiff's SKYWIRE mark and damaging Plaintiff's reputation and goodwill in its SKYWIRE mark;

e) from otherwise competing unfairly with Plaintiff in any manner;

f) from shipping, delivering, distributing or otherwise providing internet access services which bear SKYWIRE or any name or mark confusingly similar thereto;

g) from continuing to further use or in any way operate the www.theskywire.com website and to discontinue and/or assign the domain name "theskywire.com" to Plaintiff;

h) from using SKYWIRE or confusingly similar formatives thereof on any form of social media, including but not limited to Linked In, Facebook and Twitter.

i) from filing federal and state applications for registration of SKYWIRE or confusingly similar formatives thereof for internet access services or related goods and services;

2.    That Defendants account for and pay to Plaintiff any profits realized by Defendants by reason of Defendants' unlawful and willful acts as alleged herein;

3.    That Plaintiff be awarded damages in an amount to be proven at trial and punitive damages in an amount to be proven at trial;

4.    That the amount of damages for infringement and dilution of Plaintiff's registered SKYWIRE mark be increased by a sum not exceeding three times the damages awarded as provided by law;

13

5.    That Plaintiff be awarded interest, including pre-judgment interest, on all awarded damage amounts;

6.    That Plaintiff be awarded its costs and reasonable attorney's fees and such further and other relief as the Court may deem equitable.

7.    That Plaintiff be granted such further and other relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to *Fed. R. Civ. P.* 38(b), Plaintiff hereby demands a jury trial on all issues so triable as raised by this Complaint.

Dated: New York, New York
          January 3, 2019

                    **GARSON, SEGAL, STEINMETZ, FLADGATE LLP**

                    By:      *s/John R. Lane/*
                             John R. Lane
                             Michael Steinmetz

                             164 West 25th St.
                             New York, NY 10001
                             (P) 212-380-3623
                             (F) 347-537-4540

                             jrl@gs2law.com
                             ms@gs2law.com

14